UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES OF EMPIRES STATE CARPENTERS ANNUITY,
APPRENTICESHIP, LABOR-MANAGEMENT
COOPERATION, PENSION and WELFARE FUNDS,

                              Plaintiffs,

       -against-

ACORN FURNISHING CORP.,

                              Defendant.
-------------------------------------------------------------------X

**ORDER**
12-CV-5653 (ADS) (ARL)

**APPEARANCES:**

**Virginia & Ambinder LLP**
*Attorneys for the Plaintiff*
111 Broadway, 14th Floor – Suite 1403
New York, NY 10006
   By:   Charles R. Virginia, Esq.
           Richard B. Epstein, Esq., Of Counsel

**NO APPEARANCE:**

Acorn Furnishing Corp.

**SPATT, District Judge.**

On November 16, 2012, the Plaintiffs Trustees of the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("the Plaintiffs") commenced this action against the Defendant Acorn Furnishing Corp. ("the Defendant"). Pursuant to § 502(a)(3) of the Employee Retirement Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); § 301 of the Labor Management Relations Act of 1948 ("LMRA"), as amended, 29 U.S.C. § 185; and § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, the Plaintiffs seek to confirm and enforce an Arbitrator's Award rendered pursuant to

a collective bargaining agreement ("CBA") between the Northeast Regional Council of Carpenters ("Union") and the Defendant.

On November 26, 2012, the Defendant was served with the Plaintiffs' Complaint. The Defendant did not answer. On December 21, 2012, the Plaintiffs requested a certificate of default as against the Defendant and, five days later, on December 26, 2012, the Clerk of the Court noted the default of the Defendant. Thereafter, on February 5, 2013, the Plaintiffs moved for a default judgment against the Defendant. On February 28, 2013, this Court referred the matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether damages should be awarded, including reasonable attorneys' fees and costs, and (2) whether any other relief should be granted.

On June 18, 2013, Judge Lindsay issued a Report and Recommendation (the "Report") recommending that (1) a default judgment be entered against the Defendant; (2) the arbitration award be confirmed; (3) an order be issued directing the Defendant to permit an audit of its books and records for the period of July 1, 2008 through October 5, 2012 within thirty days of the date the order is directed; and (4) the Plaintiffs be awarded $727 in attorneys' fees and $600 in costs, which includes the arbitrator's fee and the filing fees, for a total sum of $1,327. (Report at 1.) On August 29, 2013, the Plaintiffs served the Report on the Defendant. To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the

face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Lindsay's Report and finds it to be persuasive and without any legal or factual errors. There being no objection to Judge Lindsay's Report, it is hereby

**ORDERED**, that Judge Lindsay's Report and Recommendation is adopted in its entirety. The Court (1) enters a default judgment against the Defendant; (2) confirms the arbitration award; (3) directs the Defendant to permit an audit of its books and records for the period of July 1, 2008 through October 5, 2012 within thirty days of the date of this Order; and (4) awards the Plaintiffs $727 in attorneys' fees and $600 in costs, which includes the arbitrator's fee and the filing fees, for a total sum of $1,327; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the Plaintiffs as set forth above; and it is further

**ORDERED**, that the Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
September 18, 2013

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge